NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICKI MICHAEL, individually and as representative on behalf of a class of similarly situated persons, | No. 20-36030 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00277-DCN |
| v. | MEMORANDUM[*] |
| CONAGRA BRANDS INC. PENSION PLAN FOR HOURLY PRODUCTION WORKERS, AKA Pension Plan, an employee pension benefit Plan; et al., | |
| Defendants-Appellees, | |
| and | |
| DOES, I-XX; individual members of the Plan administrative and/or appeals committees, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Submitted November 10, 2021[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: GOULD, TALLMAN, and BUMATAY, Circuit Judges.

Vicki Michael appeals the district court's grant of summary judgment in favor of Conagra Brands, Inc. Pension Plan for Hourly Production Workers ("Conagra") and the plan administrators.

Where, as here, a pension plan contains an express discretion provision, courts review the plan administrator's interpretation of the plan for abuse of discretion. *O'Rourke v. N. Cal. Elec. Workers Pension Plan*, 934 F.3d 993, 998 (9th Cir. 2019). We review de novo the district court's application of the abuse of discretion standard, *id.*, as well as the grant of summary judgment, *United States v. Phattey*, 943 F.3d 1277, 1280 (9th Cir. 2019).

Because the plan administrator's interpretation of Congra's pension plan ("Plan") was reasonable, we affirm the district court's grant of summary judgment in favor of Conagra.

Under § 4.02-1 of the Plan, a retiree's benefit is calculated according to a precise formula. The monthly pension equals the product of "(a) times (b), less (c)" as follows:

(a) The monthly pension per Year of Benefit Service shown in Appendix I for the participant's location.

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

(b) The participant's number of Years of Benefit Service, including fractional years, but in no case including Benefit Service in excess of thirty-five (35) years.

(c) The amount of Past Service Retirement Income attributable to the participant under 4.02-3.

Section 4.02-3 defines "Past Service Retirement Income" as "[t]he monthly benefit payable under the Prior Plan on account of Service counted under 4.02-1." The parties dispute whether the offset amount described in § 4.02-1(c) includes *all* years of service that Michael worked or only the last 35 years of service. The dispute turns on the meaning of "counted."

Michael worked at a plant in Idaho from 1974 to 2016, for a total of 42 years. For the first 13.5 years, Michael was employed by another company, Amfac Foods, Inc. In 1988, Conagra took over the plant. When Amfac ceased operating the plant, it paid out Michael's retirement benefits. For Michael's final 28.5 years of employment, she worked for Conagra. The Conagra pension plan administrator deducted the total amount of benefits Michael received from Amfac when calculating her Conagra pension.

Michael challenges the complete offset of her Amfac benefit, contending only the portion of her Amfac benefit that was "counted" under § 4.02-1(b) should be deducted. Because § 4.02-1(b) caps the years of service "counted" to 35 years, Michael argues that only the last 6.5 years of her Amfac benefit should be offset

3

against her Conagra pension. That's because, in Michael's view, the first 7 years of her Amfac employment falls outside the 35-year cap and is, therefore, not "counted."

Conagra disagrees with that interpretation. In its view, all years of employment are "counted" and, only if those years exceed 35, are the years reduced to 35 years under the cap. In other words, the 35-year cap is applied *after* all years of employment are "counted" under § 4.02-1(b). Because all 42 years of Michael's service "counted," Conagra asserts that the plan administrator properly deducted the full Amfac benefit under § 4.02-1(c).

We hold that the plan administrator's interpretation is reasonable. The text of the Plan is ambiguous as to which interpretation of "counted" is correct. The Plan's language provides no guidance on whether the years of service stop counting at 35, or all years of service count before applying a cap of 35. In other words, the plain text of the Plan does not forbid the administrator from deducting all years of service in § 4.02-1(c).

Since it was reasonable for Conagra to consider all years of service "counted" and therefore deduct all those years as an offset under § 4.02-1(c), *see O'Rourke*, 934 F.3d at 1000–01, the district court correctly granted summary judgment for Conagra.

**AFFIRMED.**

4